```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
DISTRICT COUNCIL NO. 9 INTERNATIONAL                                   :
UNION OF PAINTERS AND ALLIED TRADES,                                   :
A.F.L.-C.I.O,,                                                         :
                                                                       :
                              Petitioner,                              :
                                                                       :
              -v-                                                      :
                                                                       :
Future Shock Architectural Metals & Glass a/k/a Future                 :
Shock Architectural Metals & Glass Corp.,                              :
                                                                       :
                              Respondent.                              :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/11/2023

22-cv-2859 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

Petitioner District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-CIO ("Petitioner" or the "Union") petitions the Court to confirm the November 22, 2021 Decision and Award (the "Award") of the Joint Trade Committee of the Painting and Decorating Industry ("Joint Trade Committee" or "JTC") against Respondent Future Shock Architectural Metals & Glass a/k/a Future Shock Architectural Metals & Glass Corp. *See* Dkt. No. 2 ("Petition" or "Pet."); Dkt. No. 8.  Respondent has not opposed the Petition.[1]  For the reasons that follow, Petitioner's motion is granted, the award is confirmed, and Respondent is ordered to pay the award plus interest and attorneys' fees and costs as further set forth in this opinion.

## BACKGROUND

The following undisputed facts are taken from the Petition and the declaration submitted in connection with the Petition.

---

[1] Respondent was served with a copy of the Petition and summons on April 11, 2022, but has not appeared in this action.  Dkt. No. 10.

The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act, 29 U.S.C. § 142, and Section 3(4) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4), and as further defined in Section 12 of the General Associations Law of the State of New York. Dkt. No. 2 ("Pet.") ¶ 1. The Union's principal offices are located in New York, New York. *Id.* Local Union # 1087 ("Local 1087") is a local affiliate of the Union that is comprised of members who perform glazier work under a Memorandum of Agreement with the Window and Plate Glass Dealers Association (the "Glaziers Agreement"). Pet. ¶ 4; Dkt. No. 4-1 at ECF p.2 n.1; Dkt. No. 4-2; Dkt. No. 4-3.

Respondent is a corporation duly organized and existing under the laws of the state of New York, with places of business in Ronkonkoma, New York, and East Setauket, New York, and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Dkt. No. 2 ¶ 3. Respondent is a party to the Glaziers Agreement. Pet. ¶ 4.

The Glaziers Agreement adopts and incorporates all of the terms and conditions of the Union's collective bargaining agreement (the "CBA"), the Trade Agreement or Mainframe Agreement between the Union and The Association of Master Painters & Decorators of New York Inc., The Association of Wall, Ceiling & Carpentry Industries of New York Inc., The Drywall Taping Contractors' Association of Greater New York, and The Window and Plate Glass Dealers Association. Pet. ¶ 4; Dkt. No. 4-2; Dkt. No. 4-3. The CBA provides in Article XIII, Section 3(a):

> The Joint Trade Committee and Joint Trade Board are empowered to hear and decide in arbitration as hereinafter provided, all grievances and disputes which arise

> between the parties as to the interpretation or application of this Trade Agreement and to make such awards or assess remedies, damages and penalties for violation of this Trade Agreement. The Joint Trade Committee and Joint Trade Board shall have the authority to issue awards with respect to all grievances and disputes in any manner which they deem reasonable. The Joint Trade Committee and the Joint Trade Board shall have all powers necessary to remedy complaints brought before them including, but not limited to (i) wages and contributions owed; (ii) liquidated damages; (iii) interest on monies due; (iv) attorneys' and auditors' fees; and (v) the cost and expenses of arbitration; and (vi) any fines and/or penalties imposed.

Dkt. No. 2-3, Art. XIII, § 3(a).

The Glaziers Agreement provides in Article 4, Section 2 that all employers party to the agreement must "register all jobs, immediately upon being awarded the job." Dkt. No. 4-2 at ECF p. 10. Under Article 13 of the Glaziers Agreement, "[a]ll work covered by this Agreement which is performed in the Employer's shop, as well as on the job site, must be done by Glaziers covered by th[e] Agreement." *Id.* at ECF p. 14. Under Article 18, Section 11, Violation 1, the failure to register a job is a violation. *Id.* at ECF p. 23.

A dispute arose when Respondent failed to register jobs with the Union, pursuant to Article 18, Section 11, Violation 1 of the Glaziers Agreement. Pet. ¶ 6. The Union filed Notices of Intention to Arbitrate, dated September 7, 2021, pursuant to Article XIII of the CBA, charging Respondent with failure to register a job, in violation of Article 18, Section 11, Violation 1 of the Glaziers Agreement and served demanded for arbitration on Respondent. Dkt. Nos. 4-1, 4-4. By letters dated September 7, 2021, Respondent was notified that a hearing was scheduled for November 9, 2021 at 10:00 A.M. Dkt. No. 4-1. The JTC held a hearing on November 9, 2021, at which the Union was present, but representatives of Respondent were absent. Pet. ¶ 8; Dkt. No. 4-1.[2] At the hearing, the Union presented evidence of two occasions in August and September 2021 when Union representatives visited a jobsite and observed a Local 1087

---

[2] The Award states that the hearing was held on September 9, 2021. Dkt. No. 4-1. That appears to be an error.

member performing work covered under the Glaziers Agreement that was not registered with the Union. Dkt. No. 4-1.

On November 22, 2021, the JTC rendered the Award in favor of the Union. Pet. ¶ 8; Dkt. No. 4-1. The JTC found Respondent "guilty for failure to register a job, in violation of Article 18 Section 11 Violation 1 of the Glaziers Agreement and directed [Respondent] to pay $1,250.00 in fines." Pet. ¶¶ 9–10; Dkt. No. 4-1. It directed that payment be made within ten days of receipt of the Award to the JTC. Dkt. No. 4-1 at ECF p. 3.

A copy of the Award was sent to Respondent by certified mail return receipt requested on November 23, 2021. Dkt. No. 4-5. A demand letter was served on Respondent on December 6, 2021, following Respondent's failure to comply, demanding that it comply with the Award within ten days in order to avoid litigation. Pet. ¶ 12; Dkt. No. 4-6. To date, Respondent has not complied with the terms of the Award. Pet. ¶ 13.

On April 7, 2022, Petitioner filed this Petition to confirm arbitration. Dkt. No. 1. An electronic summons ("Summons") was issued on April 8, 2022. Dkt. No. 7. On April 8, 2022, the Court issued an order notifying that it intended to treat the petition as akin to a motion for summary judgment and directing Petitioner to serve any additional materials by April 25, 2022, Respondent to file any opposition by May 25, 2022, and Petitioner to reply by June 1, 2022. Dkt. No. 8. The Court directed that Petitioner serve the April 8, 2022 order on Respondent. *Id.* On April 14, 2022, Petitioner filed a certificate of service indicating it had served the April 8, 2022 order on Respondent by mail to Respondent's last known address. Dkt. No. 9. On April 22, 2022, Petitioner filed an affidavit of service reflecting that service of the Petition (along with a memorandum of law and supporting papers in support of the Petition) and Summons had been made on Respondent through the Secretary of State of New York. Dkt. No. 10. Petitioners also

filed a certificate of service reflecting that the motion had been served by first class mail on Respondent at its last known business address. Dkt. No. 13. On April 25, 2022, Petitioner filed an Affirmation in Support of Attorney's Fees and Costs. Dkt. No. 11. Also on April 25, 2022, Petitioner filed a certificate of service that the Affirmation in Support of Attorney's Fees and Cost had been served upon Respondent by mail to Respondent's last known address. Dkt. No. 12.

## DISCUSSION

A federal district court has subject matter jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA") to confirm an arbitration award. *Gen. Drivers, Warehousemen & Helpers, Loc. Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963); *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Loc. 261*, 912 F.2d 608, 612 (2d Cir. 1990); *see also Riverbay Corp. v. Serv. Emps. Int'l Union*, 2023 WL 2136423, at *4 (S.D.N.Y. Feb. 21, 2023). Venue is proper pursuant to 29 U.S.C. § 185(a) & (c) because the Union maintains its principal office in this District. Pet. ¶ 2. The Court has personal jurisdiction over Respondent, which is incorporated in the State of New York and has its last known place of business in New York. *Id.* ¶ 3.

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, the court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). "If the evidence submitted in support of the summary

judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Id.* (quoting *1-800 Beargram Co.*, 373 F.3d at 244) (emphasis in original).

The burden on the petitioner who seeks to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). Courts may not review an arbitrator's decision on the merits but may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016).

Based on a review of the materials submitted by Petitioner and the applicable law, "there is no genuine dispute as to any material fact" and Petitioners are entitled to confirmation of the Award. Fed. R. Civ. P. 56(a).

First, Petitioner has provided evidence that the parties agreed to arbitrate their claim. Respondent was bound at all relevant times by the CBA which provides for the submission of disputes to final, binding decisions of the JTC. Pet. ¶¶ 4–5; Dkt. No. 4-2; Dkt. No. 4-3 at ECF p. 28 Art. XIII Sec. 3(a). This dispute arose from Respondent's failure to register jobs with the Union as required by the Glaziers Agreement. Pet. ¶ 6; Dkt. No. 4-2 Art. 4, Sec. 2; *Id*. Art. 18, Section 11, Violation 1. It thus falls within the scope of the CBA's broadly worded arbitration clause. *See Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Piccini MNM, Inc.*, 2021 WL 1791591, at *2 (S.D.N.Y. May 5, 2021).

Second, Petitioner has provided evidence that the JTC had evidence that Respondent violated the Glaziers Agreement.  Two union representatives reported that on two separate occasions they visited two different jobsites of Respondent and observed a Local 1087 member performing work covered under the Glaziers Agreement but that was not registered with the Union.  Dkt. No. 4-1 at ECF p. 3.  Respondent had notice of the arbitration hearing but failed to appear or contest Petitioner's evidence.  *Id.* at ECF pp. 2–3.  The JTC thus deliberated and found Respondent guilty for failure to register a job in violation of Article 18, Section 11, Violation 1 of the Glaziers Agreement and assessed a fine of $1,250.00.  *Id.* at ECF p. 3; Pet. ¶10.

"Accordingly, there is much more than a 'barely colorable justification for the outcome reached.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Morgan Marine LLC*, 2017 WL 11570458, at *3 (S.D.N.Y. Oct. 2, 2017) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)); *see also Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. JB Squared Constr. Corp.*, 2020 WL 6825693, at *4 (S.D.N.Y. Nov. 19, 2020).  Petitioner therefore is entitled to an order confirming the Award.

Petitioner is entitled to attorneys' fees and costs incurred in connection with this petition.  "Courts . . . routinely award[] attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'"  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) (cleaned up) (quoting *Trs. of the N.Y.C Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013)).  Such an award may made pursuant to the Court's inherent equitable powers.  *See*

*Drywall Tapers & Pointers of Greater New York Loc. Union 1974, IUPAT, AFL-CIO v. Bronx Base Builders, Ltd.*, 2019 WL 181214, at *4 (S.D.N.Y. Jan. 14, 2019), *report and recommendation adopted*, 2019 WL 1584979 (S.D.N.Y. Apr. 12, 2019).

Petitioner seeks $1,980.00 in attorney's fees and $557 in costs. Dkt. No. 11 ¶¶ 4–5. The work in this case was done by Lauren M. Kugielska, an associate at Barnes, Iaccarino & Shepherd LLP ("BIS"). *Id.* ¶ 1. Ms. Kugielska was admitted to this Court in 2014 and acted as lead counsel with respect to court filings. *Id.* ¶ 5. She seeks to be compensated at a rate of $300.00 per hour, which she represented to be the customary rate for associate attorneys at BIS. *Id.* Petitioner calculates the fee award by multiplying the 6.60 hours expended on the case by an hourly rate of $300.00 per hour for the time of Ms. Kugielska. *Id.* ¶ 5.

To calculate reasonable attorneys' fees, "district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). A reasonable hourly rate is a rate that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "[T]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of N.Y.*, 843 F. App'x 355, 359 (2d Cir. 2021) (quoting *Lilly v. City of N.Y.* 934 F.3d 222, 231 (2d Cir. 2019)). To assist the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). In support of

8

Petitioners' request for attorneys' fees, Petitioners' counsel submitted the affirmation of Ms. Kugielska detailing the hours she spent on the matter and an invoice for expenses incurred in connection with filing the action and serving Respondent.  Dkt. Nos. 11, 11-1.

The 6.6 hours counsel spent was somewhat greater than was necessary to prosecute this case.  Counsel spent .6 hours reviewing client statements in preparation for the drafting and filing of the Petition, and another 3 hours preparing and filing the Petition.  Dkt. No. 11 ¶ 7. That time is reasonable.  But Ms. Kugielska also spent .3 hours researching Respondent with the New York State Department of State in preparation for the filing of the Summons and Petition, another .6 hours preparing and filing the Rule 7.1 statement in this Court (which certified that there were no parents, subsidiaries or affiliates of a party for the Court to evaluation for possible disqualification or recusal), .3 hours for forwarding the Summons and Petition to the process server, .6 hours for reviewing the Court's April 8, 2022 order and serving a copy of it by mail on Respondent, .6 hours for preparing and filing the affidavit of service regarding the Court's April 8, 2022 order, and a further .6 hours for reviewing and filing the affidavit of service regarding the Summons and Petition.  *Id*.  The amount of time spent on each of these simple administrative tasks is excessive.  *See Trustees of the District Council No. 9 Painting Industry Insurance Fund v. PAL AMG, Inc.*, 2023 WL 2786821, at *5 (S.D.N.Y. Apr. 5, 2023).  In all, counsel need have spent no more than five and a half hours performing all of these tasks.

Regarding the hourly rate, "[c]ourts in this district have found that fees at a rate of $300 per hour are appropriate for petitions to confirm arbitration awards."  *Future Shock Architectural Metals & Glass*, 2022 WL 17991624, at *3.  With respect to Ms. Kugielska, specifically, courts in this District have most recently found that a rate of $300 an hour for her work on similar cases was reasonable.  *See id.* at *3 (finding rate of $300 for Ms. Kugielska per hour reasonable); *Tiger*

*Contracting Corp.*, 2022 WL 18859149, at *3 (same); *Trustees of Dist. Council No. 9 Painting Indus. Ins. Fund v. Speedo Corp.*, 2022 WL 604678, at *4 (S.D.N.Y. Mar. 1, 2022) (same). The Court sees no reason to reach a contrary result here. Thus Court thus awards Petitioners' attorneys' fees at a rate of $300 per hour. Based on the submitted time records and reduction in hours, these rates yield a total award of $1,650 in attorneys' fees. The Court also grants Petitioners' requested $557 in costs for the filing fee and the cost of service. *See Bronx Base Builders, Ltd.*, 2019 WL 181214, at *5 (stating that such costs are routinely permitted).

## CONCLUSION

For the reasons stated above, the petition to confirm the Award is GRANTED and the Award is CONFIRMED. The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $3,457.00, consisting of (1) the arbitration award of $1,250; (2) $1,650 in attorneys' fees; and (3) $557 in costs. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961. *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

The Clerk of Court is respectfully directed to close the action.

SO ORDERED.

Dated: May 11, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge